# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ROY W. MILLER,**
**Claimant Below, Petitioner**

**vs.)    No. 22-ICA-272**        (BOR Appeal No. 2058340)
                                  (JCN: 2017004014)

**DYNAMIC ENERGY, INC., LWF,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roy W. Miller appeals the October 25, 2022, order of the Workers' Compensation Board of Review ("Board"). Mr. Miller's employer, Respondent Dynamic Energy, Inc., LWF, ("Dynamic") filed a timely response.[1] Mr. Miller filed a timely reply. The issue on appeal is whether the Board erred in affirming the Worker's Compensation Office of Judges' decision that affirmed the claim administrator's order denying the reopening of this claim for the addition of bilateral carpal tunnel syndrome ("CTS") as a compensable condition of the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Roy W. Miller was injured on July 29, 2016, while employed by Respondent Dynamic. Mr. Miller was operating heavy equipment when another piece of equipment slammed into the back of the machinery he was operating. Mr. Miller filed a workers' compensation application on August 9, 2016, ("the 2016 claim") and the claim administrator held the claim compensable for neck sprain and lumbar sprain.[2]

Mr. Miller filed a second workers' compensation claim on December 8, 2017, ("the 2017 claim") attempting to have CTS held compensable. This claim was based on the same incident and injuries as the 2016 claim. On March 26, 2018, the claim administrator issued

---

[1] Petitioner is represented by James D. McQueen, Jr., Esq. Respondent is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

[2] The 2016 workers' compensation claim is the claim at issue in the instant appeal.

1

an order rejecting this claim because the diagnosis was found to not be associated with the 2016 injury. Mr. Miller did not protest this order and it became final.

On February 20, 2020, Mr. Miller sent a letter to the claim administrator requesting that the March 26, 2018, decision be modified to say that CTS was a compensable condition in the 2016 claim. On February 25, 2020, the claim administrator issued an order denying Mr. Miller's request to correct or amend its March 26, 2018, order. Mr. Miller protested this order.

The Office of Judges' ("OOJ") issued an order dated May 14, 2020, that refused to acknowledge Mr. Miller's protest to the claim administrator's February 25, 2020, order. The OOJ found that Mr. Miller had the opportunity to protest the claim administrator's March 26, 2018, rejection of the claim for CTS but he failed to do so. The OOJ further found that the claim administrator's February 25, 2020, order was not protestable. On June 24, 2020, the Board affirmed the OOJ's May 14, 2020, order.

On November 5, 2021, the Supreme Court of Appeals affirmed the Board's order in a memorandum decision, finding that Mr. Miller had the opportunity to protest the claim administrator's February 20, 2018, rejection of the claim and he failed to do so. The Supreme Court found that the claim administrator's February 25, 2020, order was not protestable, and, further, the claim administrator does not have the authority to add a condition to one claim by issuing an order in another claim.

Mr. Miller filed a request and application for reopening on June 29, 2020, in the 2016 workers' compensation claim, asking the claim administrator to add bilateral CTS as a compensable condition in that claim. On July 9, 2020, the claim administrator denied the request for reopening due to the issue of CTS compensability having been decided previously in the 2017 claim. Mr. Miller protested this order.

On May 3, 2022, the OOJ issued an order affirming the claim administrator's decision denying the addition of CTS as a compensable component of the claim. However, the OOJ's decision was based upon its conclusion that a preponderance of the evidence established that Mr. Miller's CTS was not associated with his workplace injury. The Board affirmed by order dated October 25, 2022, and Mr. Miller appeals that order to this Court.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

2

petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Miller argues that the OOJ, as affirmed by the Board, misapplied *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), and refused to address the question of whether the claimant's Reopening Petition demonstrated a prima facie inference of progression of claimant's compensable injury. Mr. Miller further argues that the previous 2017 claim and the 2021 Supreme Court memorandum decision do not preclude Mr. Miller's reopening for CTS in the instant claim.

After review, we conclude that the OOJ, as affirmed by the Board, was not clearly wrong in denying the compensability of bilateral CTS in this claim. While we agree with the conclusion reached by the OOJ and Board, we disagree with their reasoning. Mr. Miller has effectively filed two claims for a single injury. The issue of compensability of bilateral CTS, as it related to the 2016 injury, was decided on its merits in the 2017 claim. This precludes Mr. Miller from pursuing the instant claim in a second effort to establish the compensability of bilateral CTS in relation to a single injury.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating